UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RALPH LOWE,

       Plaintiff(s),

    v.

CITY OF SAUSALITO,

       Defendant(s).

_____/

No. C 06-6892 PJH

**ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND**

On January 24, 2007, the court heard the motion of the City of Sausalito ("the City") to strike certain allegations of the complaint or to dismiss it in its entirety for failure to state a claim. Suzanne Solomon appeared for the City, Catherine Lagarde appeared for plaintiff. The court dismisses the complaint in part for the reasons stated at the hearing and summarized below.

    1.    Plaintiff voluntarily withdraws his prayer for punitive damages and dismisses the ninth cause of action for intentional infliction of emotional distress.

    2.    The first and second causes of action for wrongful termination and wrongful termination in violation of public policy are dismissed as time-barred by the undisputed two-year statute of limitations. The court rejects the equitable tolling argument asserted by plaintiff in view of Mathieu v. Norrell Corp, 115 Cal.App.4th 1174 (2004).

    3.    The third and fourth causes of action for harassment and retaliation are

dismissed on several grounds. First, both claims are brought under Title VII and FEHA. However, plaintiff did not obtain a right to sue notice from DFEH and has therefore not exhausted the FEHA claims. They are accordingly dismissed. Additionally, the Title VII claims are not raised in the EEOC administrative charge, nor are they like or reasonably related to the factual allegations of the EEOC charge. The only allegation supported by the EEOC charge is one for race discrimination based on disparate treatment, which was completely omitted by the complaint. Accordingly, the Title VII claims for harassment and retaliation are dismissed as unexhausted. Because plaintiff did exhaust a claim for race discrimination and in view of the liberal pleading rules, plaintiff's request to amend his complaint to add a cause of action for race discrimination is granted. No motion to amend need be filed.

4. The fifth cause of action insofar as it is based on 42 United States Code § § 1983 and 1985 is dismissed as time-barred by the undisputed two-year statute of limitations. However, insofar as this cause of action relies on § 1981, the motion to dismiss is denied in the absence of any express authority that § 1981 is inapplicable to public employees.

5. The sixth cause of action for violation of the Unruh Civil Rights Act is dismissed as that act has no application to employment discrimination. Rojo v. Kliger, 52 Cal.3d 65 (1990).

6. The seventh and eighth causes of action for breach of contract and breach of the covenant of good faith are dismissed because under state law public employees have no vested contractual right in the terms of their employment. Kemmerer v. Fresno County, 200 Cal.App.3d 1426 (1988).

**CONCLUSION**

Accordingly, plaintiff shall file within twenty days of the date of the hearing, an amended complaint that alleges a violation of 42 United States Code § 1981, the only claim that was not dismissed, and a new claim for race discrimination under Title VII. Defendant

shall respond within twenty days after the amended complaint is filed. The case management conference is continued to March 15, 2007, 2:30 p.m.

**IT IS SO ORDERED.**

Dated: January 24, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge